Matter of Herman (2018 NY Slip Op 04722)





Matter of Herman


2018 NY Slip Op 04722


Decided on June 27, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS, JJ.


2012-01557

[*1]In the Matter of Alexander Herman, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Alexander Herman, respondent. (Attorney Registration No. 2083236)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 4, 1983. By decision and order on motion of this Court dated May 15, 2012, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based on the allegations of professional misconduct set forth in a verified petition dated February 14, 2012, and the issues were referred to the Honorable Abraham Gerges, as Special Referee, to hear and report. By decision and order on application of this Court dated April 1, 2013, inter alia, the respondent was suspended on a voluntary and provisional basis, pursuant to former 22 NYCRR 691.13(c)(1), and the disciplinary proceeding was held in abeyance. By decision and order of this Court dated February 14, 2014, the respondent's application pursuant to former 22 NYCRR 691.13(e)(1) for the appointment of a qualified medical expert to determine whether he was no longer incapacitated and was capable of defending himself was granted, and the disciplinary proceeding previously authorized continued to be held in abeyance pending receipt of the medical expert's report. By decision and order on motion of this Court dated January 23, 2017, upon receipt of the report of Dr. Michael E. Weiss dated September 13, 2016, and the report of Dr. Amy S. Hoffman dated March 11, 2014, the respondent's motion for reinstatement was granted, the suspension pursuant to former 22 NYCRR 691.13(c) was vacated, the respondent was reinstated as an attorney and counselor-at-law, and the parties were directed to proceed with the previously authorized disciplinary proceeding.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.
Michael S. Ross, New York, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated February 14, 2012, which was subsequently amended in its entirety, by consent and stipulation of the parties, and substituted with an amended petition dated April 4, 2017. Following a prehearing conference on May 9, 2017, and a hearing on June 8, 2017, the Special Referee sustained the charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline as the Court deems just and proper. In response, the respondent has submitted papers in support of the motion and asks for the imposition of a public censure.
Charge one alleges that the respondent engaged in a pattern of failing to cooperate with legitimate investigations of complaints of professional misconduct against him conducted by the Grievance Committee, and has failed to comply with its lawful demands, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
By letter sent on February 24, 2011, via first class mail, addressed to the respondent's work address at 911 Avenue U, Brooklyn, New York, 11223, the Grievance Committee forwarded a copy of the complaint it received from Igor Balon and directed the respondent to provide a written answer within 10 days of his receipt of the letter. The respondent failed to respond or request additional time in which to do so. On March 18, 2011, the Grievance Committee sent, via first class mail and certified mail, another copy of the Balon complaint, and directed that the respondent submit a written answer within 10 days of his receipt of the letter. The letter advised the respondent that his failure to respond or otherwise cooperate constitutes professional misconduct independent of the merits of the underlying complaint. The respondent failed to submit a written answer to the Balon complaint or request additional time in which to do so.
By letter sent on April 8, 2011, via first class mail, addressed to the respondent's work address, the Grievance Committee forwarded a copy of the complaint it received from Aron Cohen and directed the respondent to provide a written answer within 10 days of his receipt of the letter. The respondent failed to respond or request additional time in which to do so. On or about April 25, 2011, and in subsequent conversations, Michael S. Ross, Esq., orally advised the Grievance Committee that the respondent would be retaining him. The Grievance Committee requested Mr. Ross, if retained, to submit a letter of representation.
By letter sent on August 22, 2011, via first class mail, addressed to the respondent's work address, the Grievance Committee forwarded a copy of the complaint it received from Alexandre Ved and directed the respondent to provide a written answer within 10 days of his receipt of the letter. The respondent failed to submit a written answer to the Ved complaint or request additional time in which to do so.
On August 31, 2011, the Grievance Committee sent a letter, via first class mail and certified mail, copied to Mr. Ross, regarding the Balon, Cohen, and Ved complaints, and requested that the respondent submit written answers to those complaints, together with an explanation for his failure to timely cooperate, by September 10, 2011. The letter warned the respondent that should he continue in his failure to cooperate with the investigation, an application might be made seeking his immediate suspension pursuant to former 22 NYCRR 691.4(1). The respondent failed to submit written answers to the complaints by September 10, 2011.
On September 15, 2011, Mr. Ross hand-delivered papers from the respondent regarding the Balon and Cohen matters, without an explanation as to the relevance of the documents and without answers to the Balon, Cohen, or Ved complaints. By letter dated September 16, 2011, [*2]the Grievance Committee advised Mr. Ross that the respondent must provide written answers to the three complaints, together with an explanation as to why no answers have been provided to date, by September 26, 2011. The respondent failed to submit answers to the Balon, Cohen, or Ved complaints by September 26, 2011.
Charge two alleges that the respondent neglected a client's legal matter, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0). On or about July 14, 2009, Igor Balon retained the respondent to process an uncontested divorce and paid a retainer fee. A summons with notice was filed on July 14, 2009, and an admission of service with military affidavit and waiver was signed by Mr. Balon's wife on or about November 3, 2009. The divorce agreement and stipulation of settlement were completed and signed by Mr. Balon and his wife on or about November 5, 2009. On or about April 20, 2010, Mr. Balon made the final payment to the respondent for his legal fees. From that time until Mr. Balon filed a complaint against the respondent with the Grievance Committee, on February 15, 2011, the respondent failed to proceed with Mr. Balon's legal action for an uncontested divorce. Despite numerous telephone calls from Mr. Balon and the filing of the grievance complaint, the respondent failed to file a Note of Issue for Mr. Balon's uncontested divorce until August 10, 2011, nearly six months after the grievance complaint was filed.
Charge three alleges that the respondent neglected a client's legal matter, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about 2006, Alexander Ved retained the respondent to represent him as a defendant in a matter commenced in the Supreme Court, Richmond County, and paid a retainer fee. In or about 2007, the respondent attended several court hearings on behalf of Mr. Ved. On or about April 25, 2008, the plaintiffs' motion to strike Mr. Ved's answer was granted and the matter was assigned for inquest on June 11, 2008. The respondent failed to take any further action in relation to Mr. Ved's matter. The respondent failed to either make a motion to vacate the court's decision to strike Mr. Ved's answer or withdraw from representing Mr. Ved in this matter. Upon information and belief, a judgment was entered against Mr. Ved and a judgment lien was placed on Mr. Ved's property.
Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
The respondent has a prior disciplinary history consisting of five Admonitions for neglect (1992, 2000, 2003, 2004, and 2010), and a Letter of Caution for neglect (2007). Two of the five Admonitions were personally delivered.
In seeking leniency, the respondent asks that the Court take into consideration the following mitigating factors: his acceptance of full responsibility for his misconduct, his cooperation in the disciplinary proceeding, his sincere and profound remorse, the mental health issues from which he was suffering at the time of his misconduct, his voluntary suspension from the practice of law for nearly four years in order to seek treatment for those issues and his successful treatment therefor, the fact that he suffers from other medical health issues (diabetes), and his generally excellent reputation for being an honest, hard-working, and caring individual and attorney.
The respondent's disciplinary history is an aggravating factor. However, in view of the aforementioned mitigation, in particular, the extraordinary steps taken by the respondent in voluntarily suspending himself from the practice of law for nearly four years in order to seek treatment, we find that a public censure is warranted.
SCHEINKMAN, P.J., MASTRO, BALKIN, LEVENTHAL and CHAMBERS, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Alexander Herman, is publicly censured for his professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court